■ MARLYN WAREHOUSING, INC., Respondent, v LONG ISLAND RAIL ROAD COMPANY, Appellant.—In an action, *inter alia,* seeking a declaratory judgment with respect to the plaintiff's right to use a certain private railroad crossing, the defendant appeals from a resettled order of the Supreme Court, Queens County (Goldstein, J.), dated October 19, 1984, which granted the plaintiff's motion for a preliminary injunction and thereby

enjoined the defendant from interfering with the plaintiff's use of a private railroad crossing, conditioned upon the plaintiff providing adequate safeguards for said crossing and indemnifying the defendant from liability.

Resettled order affirmed, with costs.

The plaintiff has owned and operated a United States Customs bonded warehouse in Long Island City, Queens, since 1954. The property on which this warehouse is situated has no means of access but for a private railroad crossing. To the south lies Newtown Creek, to the north lie railroad tracks, and to the east and west are adjoining property owners. The plaintiff had utilized this private railroad crossing since 1954 as the sole means of access to its property until the defendant barricaded said crossing without warning in 1983. The plaintiff subsequently commenced this action to establish its right to use this right-of-way, and simultaneously sought a preliminary injunction prohibiting the defendant from interfering with its use thereof during the pendency of this action.

Special Term found that the plaintiff had established a likelihood of success on the merits, that irreparable injury would result if the preliminary injunction were not granted, and that the balance of the equities was in its favor. The preliminary injunction was accordingly granted, conditioned upon the plaintiff's providing adequate safeguards for the railroad crossing and indemnifying the defendant from liability.

On this record, the plaintiff met its burden of establishing the requirements for a preliminary injunction, and Special Term did not abuse its discretion in granting the same. Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.